UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Marvin Butler, | ) C/A No. 2:11-02030-RMG-BM |
| Plaintiff, | ) |
| vs. | ) |
| Charleston County Solicitor, Jim Stack; Charleston County, | ) Report and Recommendation |
| Defendants. | ) |

Plaintiff, Marvin Butler, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff is a detainee at the Charleston County Detention Center (CCDC), and files this action *in forma pauperis* under 28 U.S.C. § 1915. The Complaint names Charleston County and Charleston County Solicitor Jim Stack as party Defendants.[1]

Under established local procedure in this judicial district, a careful review has been made of the pro se Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996); and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). As the Plaintiff is a *pro se* litigant, his pleadings are accorded liberal construction. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5 (1980); *Estelle v. Gamble*, 429 U.S. 97 (1976).

---

[1] Title 28 U.S.C. § 1915A (a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."



Even when considered under this less stringent standard, however, the undersigned finds and concludes that the *pro se* Complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F. 2d 387 (4th Cir. 1990).

Background

Plaintiff alleges that he was arrested on January 2, 2010. ECF No. 1, page 3. Plaintiff was subsequently denied bond and indicates that he was also denied counsel at his bond hearing. *Id.* Plaintiff claims that the Defendants "held a secret preliminary hearing and prohibited Plaintiff Butler from attending." *Id.* Plaintiff also alleges that the Defendants "presented an indictment to the grand jury but jury refused to indict Plaintiff Butler." *Id.* The Complaint claims the Defendants have: (1) denied Plaintiff a speedy trial; (2) subjected Plaintiff to excessive bail; (3) denied Plaintiff equal access to the Courts by prohibiting him from attending a hearing; (4) denied Plaintiff due process; (5) denied Plaintiff the right to an attorney, and (6) unlawfully imprisoned Plaintiff. *Id.* Plaintiff seeks certification of this case as "a class action suit,[2]" monetary damages, a writ of mandamus requiring Defendants to comply with the South Carolina Rules of Criminal Procedure, and immediate release. *Id.* at 4.

---

[2] Plaintiff indicates that he is bringing this suit on behalf of himself and "other similarly situated persons," however, Plaintiff is the only individual to sign the Complaint. While a litigant in federal court has a right to act as his own counsel, Plaintiff lacks standing to sue on behalf of other inmates. *See Powers v. Ohio*, 499 U.S. 400, 410-11 (1991). *See also Hummer v. Dalton*, 657 F.2d 621, 625-626 (4th Cir. 1981)(prisoner's lawsuit was confined to redress for violation of his own personal rights and he was not allowed to act as a "knight-errant" for others).



Discussion

The Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994)(quoting *Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979)). A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). However, to state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

As an initial matter, it is readily apparent that the Complaint names one Defendant, Charleston County Solicitor Jim Stack, who is immune from Plaintiff's claim for damages under § 1983. Prosecutors have absolute immunity for activities in or connected with judicial proceedings, such as a criminal trial, bond hearings, bail hearings, grand jury proceedings, and pre-trial "motions" hearings. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 272-73 (1993); *Burns v. Reed*, 500 U.S. 478 (1991); *Dababnah v. Keller-Burnside*, 208 F.3d 467 (4th Cir. 2000). Plaintiff complains of actions taken by Defendant Stack in the prosecution of Plaintiff's criminal case; specifically, this Defendant's actions at pretrial hearings and presentation of information to the Grand Jury. Therefore, Stack is entitled to immunity from Plaintiff's claim for monetary damages.

Plaintiff also seeks monetary damages from the County of Charleston. However, municipal liability is based on execution of a governmental policy or custom. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690-91 (1978). A municipality may not be held liable under § 1983 solely because

3



it employs a tort-feasor; rather, a Plaintiff must identify a municipal "policy" or "custom" that caused the Plaintiff's injury. *Board of County Commissioners v. Brown*, 520 U.S. 397, 403 (1997); *Kirby v. City of Elizabeth City, North Carolina,* 388 F.3d 440, 451 (4th Cir. 2004). Plaintiff fails to identify a policy or custom of the County of Charleston which caused his federal rights to be violated. Instead, Plaintiff complains about specific actions taken in his criminal case which have resulted in Plaintiff's continued detention. Further, the other named Defendant is not even an employee of Charleston County. As Plaintiff fails to state a cognizable § 1983 claim against Defendant Charleston County, this Defendant should be dismissed from this case.

In addition to monetary damages, Plaintiff seeks various forms of injunctive relief. However, habeas corpus is the exclusive remedy for a prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release. *See Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973). Thus, to the extent Plaintiff seeks release from detention, such relief is not available under § 1983. With respect to the conduct of his criminal proceedings, in *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that a federal court should not equitably interfere with state criminal proceedings "except in the most narrow and extraordinary of circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996). The *Younger* Court noted that courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief. *Younger*, 401 U.S. at 43-44 (citation omitted). From *Younger* and its progeny, the Court of Appeals for the Fourth Circuit, has culled the following test to determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Maryland Comm'n on Human*

4



*Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).

In the present action, Plaintiff states that he is currently detained pending trial. Hence, as an ongoing state criminal proceeding exists, the first prong of the abstention test is satisfied. As for the second criteria, the Supreme Court has held that "the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986). Therefore, the second prong of the abstention test is satisfied. In addressing the third criteria, the Supreme Court has noted "that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights." *Kugler v. Helfant*, 421 U.S. 117, 124 (1975)). Here, the Plaintiff in this case can pursue his claims in state court both during and after trial. Therefore, the Court should abstain from hearing Plaintiff's claims for injunctive relief.

Finally, it is noted that this Court cannot grant a writ of mandamus against the Defendants. District Courts are granted under 28 U.S.C. § 1361, "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Thus, on its face, § 1361 extends federal mandamus jurisdiction only to federal officers or employees. *See United States v. Oncology Assocs.*, 198 F.3d 502, 510 (4th Cir. 1999). Should Plaintiff look to 28 U.S.C. § 1651, the "all writs statute," as a source of mandamus authority, relief would still be unavailable. A writ of mandamus is limited to cases where federal courts are acting in aid of their respective jurisdictions. *See* 28 U.S.C. § 1651; *Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587-588 & nn. 2-4 (4th Cir. 1969). Since Plaintiff



seeks mandamus relief against a County and Solicitor of the State of South Carolina, this Court lacks jurisdiction under §§ 1361 and/or 1651 to grant such relief.

Recommendation

Accordingly, it is recommended that the Complaint in the above-captioned case be dismissed *without* prejudice.

_____
Bristow Marchant
United States Magistrate Judge

August 22, 2011
Charleston, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).