IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC. CLERK, CHARLESTON, SC

2011 SEP 14  P 2: 36

| | |
|---|---|
| Marvin Butler, | Civil Action No.: 2:11-cv-2030-RMG |
| Plaintiff, | |
| vs. | **ORDER** |
| Charleston County Solicitor, Jim Stack; Charleston County, | |
| Defendants. | |

Plaintiff Marvin Butler, currently a detainee at the Charleston County Detention Center, brings this action *pro se* pursuant to 42 U.S.C. § 1983 and *in forma pauperis* under 28 U.S.C. § 1915. Plaintiff alleges he was denied a speedy trial, subjected to excessive bail, denied equal access to the courts, denied due process, denied the right to an attorney, and unlawfully imprisoned.[1] (Dkt. No. 1). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), this matter was referred to the United States Magistrate Judge for all pretrial proceedings. The Magistrate Judge has issued a Report and Recommendation that Plaintiff's Complaint be summarily dismissed. (Dkt. No. 8).

Plaintiff was advised by the Magistrate Judge of the procedures and requirements for filing objections to the Report and Recommendation and the serious consequences of failing to do so. Plaintiff has failed to object to the Report and Recommendation. As explained herein,

---

[1] Plaintiff is the only individual to sign the Complaint; however, Plaintiff states he is bringing suit on behalf of himself and "other similarly situated persons." While Plaintiff may act as his own counsel, he lacks standing to sue on behalf of others. *Powers v. Ohio*, 499 U.S. 400, 410 (1991) ("[A] litigant must assert his or her own legal rights and interests, and cannot rest a claim to relief on the legal rights or interests of third parties."); *see also Hummer v. Dalton*, 657 F.2d 621, 625-26 (4th Cir. 1981) ("[A prisoner's lawsuit] is . . . confined to redress for violation of his own personal rights and not one by him as a knight-errant for all prisoners.").

1

this Court has reviewed the Record for any errors of law, agrees with the Report and Recommendation, and therefore dismisses the Plaintiff's complaint.

## LAW/ANALYSIS

The Magistrate Judge only makes recommendations to this Court. The recommendations of the Magistrate Judge have no presumptive weight and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). The Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

Additionally, federal courts are charged with liberally construing *pro se* complaints to allow for the development of a potentially meritorious case. *See, e.g., Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Cruz v. Beto*, 405 U.S. 319, 322 (1972); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Under the mandated liberal construction standard afforded *pro se* pleadings, if the court can reasonably read the pleading to state a valid claim on which the plaintiff could prevail, it should do so. However, a district court may not rewrite a petition to "conjure up questions never squarely presented," *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), nor can the court ignore a clear failure in the pleadings to allege facts which set forth a cognizable federal claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

Plaintiff brings his complaint pursuant to 42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (internal quotation marks and citation omitted). The Supreme Court has held, "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff's Complaint fails to meet this standard.

Plaintiff's Complaint names Charleston County Solicitor Jim Stack as a Defendant. (Dkt. No. 1). However, prosecutors have absolute immunity for activities in or connected with judicial proceedings, such as criminal trials, bond hearings, bail hearings, grand jury proceedings, and pre-trial motion hearings. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 272-73 (1993); *Burns v. Reed*, 500 U.S. 478 (1991); *Dababnah v. Keller-Burnside*, 208 F.3d 467 (4th Cir. 2000). As Defendant Stack's actions were taken in the prosecution of a criminal case, the Defendant is entitled to immunity from Plaintiff's claim for monetary damages.

In his Complaint, Plaintiff also seeks monetary damages from Charleston County. However, the Supreme Court has held that "a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't of Soc. Services of City of New York*, 436 U.S. 658, 691 (1978). Additionally, the Court "required a plaintiff seeking to impose liability on a municipality under § 1983 to identify a municipal 'policy' or 'custom' that caused the plaintiff's injury." *Board of County Com'rs of Bryan County, Okl. v. Brown*, 520 U.S. 397, 403 (1997).[2] Plaintiff's Complaint fails to identify any Charleston County policy or custom which caused a

---

[2] The Court explained the purpose for requiring identification of a "policy" or "custom" stating: "Locating a 'policy' ensures that a municipality is held liable only for those deprivations resulting from the decision of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality." *Board of County Com'rs of Bryan County, Okl.*, 520 U.S. at 403-04.

3

violation of his federal rights and instead, complains of specific actions taken in his criminal case. As Plaintiff has failed to state a § 1983 claim against Charleston County, the County is dismissed from the case.

In addition to seeking monetary damages in the form of actual and punitive damages (Dkt. No. 1 at 4), Plaintiff seeks several forms of injunctive relief. *Id.* Claims brought by a person in confinement challenging the fact or duration of his confinement fall within the purview of *habeas corpus* claims rather than under § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973).

Regarding the conduct of Plaintiff's criminal proceedings, under the standard set in *Younger v. Harris*, 401 U.S. 37 (1971), federal courts should not equitably interfere with state criminal proceedings "except in the most narrow and extraordinary of circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996). Further, "federal courts may intervene in state criminal proceedings, either by way of declaratory relief or by injunction, when there has been a 'showing of bad faith, harassment, or any other unusual circumstance that would call for equitable relief.'" *Id.* (quoting *Younger*, 401 U.S. at 54). The Fourth Circuit has held that federal courts should not intervene when "1/ there are ongoing state judicial proceedings; 2/ the proceedings implicate important state interests; and 3/ there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Maryland Comm'n. on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing *Middlesex County Ethics Committee v. Garden State Bar Ass'n.*, 457 U.S. 423, 432 (1982)).

Plaintiff is currently detained pending trial; therefore, an ongoing state criminal proceeding exists and the first prong of the Fourth Circuit's abstention test is satisfied. The second prong, which requires important state interests, is also met. In *Kelly v. Richardson*, 479

4

U.S. 36 (1986), the Supreme Court held that "the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Id.* at 49. Finally, as the Magistrate Judge noted, Plaintiff is able to raise his claims in state court both during and after trial. As all three prongs of the Fourth Circuit's abstention test are satisfied, the Court abstains from hearing Plaintiff's claims for injunctive relief.

Finally, Plaintiff's demand for a writ of mandamus against Defendants is denied as this Court lacks jurisdiction for such action. Under 28 U.S.C § 1361, district courts are granted "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Hence federal mandamus jurisdiction only extends to *federal* officers or employees. *See United States v. Oncology Assocs.*, 198 F.3d 502, 510 (4th Cir. 1999). As the Magistrate Judge noted in his Report and Recommendation, should the Plaintiff turn to 28 U.S.C. § 1651, the "all writs statute," as the source of his desired writ, this Court would still lack the appropriate jurisdiction to grant it. Section 1651 writs are limited to cases where federal courts are acting in aid of their respective jurisdictions. *See* 28 U.S.C. § 1651; *Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587-88 (4th Cir. 1969).

## CONCLUSION

The Court, after a thorough review of the Report and Recommendation of the Magistrate Judge and the relevant case law, finds the Magistrate applied sound legal principles to the facts of this case. Therefore, this Court adopts the Magistrate Judge's Report and Recommendation as the Order of this Court. The Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED** *without* prejudice.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

September 14, 2011
Charleston, South Carolina